UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 1:14-CR-12 |
| | ) Judges Collier/Carter |
| JAMES THOMPSON | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, James Thompson, and the defendant's attorney, Gianna Maio, have agreed upon the following:

1. The defendant will plead guilty to Count One of the indictment:

    a) Possessing with Intent to Distribute Five Grams or More of Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

    b) The punishment for this offense is as follows: a mandatory minimum of five years and a maximum of up to 40 years imprisonment, a fine of up to $2,000,000, supervised release for a period of at least four years, and a $100 special assessment.

The United States agrees not to file an enhancement pursuant to 21 U.S.C. § 851. The United States also agrees to dismiss the remaining charges (Count Two (18 U.S.C. § 922(g)) and Count Three (18 U.S.C. § 922(k))) against the defendant.

2. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty

because the defendant is in fact guilty. In order to be guilty of Count One, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt:

    a)     The defendant knowingly;

    b)     possessed five or more grams of methamphetamine, a Schedule II controlled

    c)     with the intent to distribute it.

3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a)     On January 22, 2013, the defendant signed a State of Tennessee Probation and Parole Conditions Agreement wherein he agreed to allow a search of his person, property, or place of residence without a warrant by any parole officer, or law enforcement officer, at any time without reasonable suspicion. The defendant also agreed not to own, possess, or carry a gun and to obey the laws of the United States.

    b)     On October 16, 2013, Hamilton County Sheriff's Office (HCSO) Detective Mark Miller obtained a state search warrant for the defendant's residence located at 6816 Gayda Lane, Chattanooga, Tennessee. The warrant was based upon the observation of methamphetamine by a confidential informant at the defendant's residence within the past 72 hours.

    c)     The warrant was executed the following day, October 17, 2013. Parole officers were with the HCSO officers. The defendant was found asleep inside the screened-in porch. When he woke up he had a small Zip-loc baggie stuck to his forehead and other baggies

2

Case 1:14-cr-00012-CLC-WBC   Document 12   Filed 04/08/14   Page 2 of 8   PageID #: 21

were found lying underneath him. The defendant was asked where his gun was. He replied that he no longer had it because he sold it four or five days ago. A .38 caliber round was in plain view on an end table. A black bag containing two baggies of methamphetamine was found where the defendant had been laying and another four bags of methamphetamine were found nearby. The meth was submitted to the lab and weighed a total of 37.1 grams at 98% pure or 36.5 grams of actual meth. In the area next to the defendant several other controlled substances, as well as digital scales, syringes, and a large number of Zip-loc bags were recovered. Officers also found spoons, straws, syringes, torches, pipes, and $193 in cash at the residence, ~~along with a five-page hand written letter describing how to make methamphetamine including diagrams describing the process.~~

        d)     A key to an outbuilding was found on the defendant's key chain. Inside the locked outbuilding officers found a Jennings .380 caliber semi-automatic pistol with an obliterated serial number loaded with three rounds of ammunition. The defendant admits that he possessed this firearm.

        e)     If this case went to trial, the United States would call a drug expert to testify that 37.1 grams of methamphetamine is a distribution amount and that scales and baggies are indicators of distribution. Methamphetamine is a Schedule II controlled substance.

4.     The defendant understands that by pleading guilty the defendant is giving up several rights, including:

        a)     the right to plead not guilty;

        b)     the right to a speedy and public trial by jury;

        c)     the right to assistance of counsel at trial;

3

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

5. The parties agree that the appropriate disposition of this case would be the following: as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may

be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

    9. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any

local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

10. This plea agreement and supplement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

4/8/14
Date

By: _____
Gregg L. Sullivan
Assistant United States Attorney

3-31-14
Date

_____
James Thompson, Defendant

7

3.31.14                          *Gianna Maio*
Date                                   Gianna Maio
                                             Attorney for the Defendant